IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASMINE MARROW,<br><br>  PLAINTIFF,<br><br>  v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,<br><br>  DEFENDANT. | Civil Action No. _____<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Jasmine Marrow, by and through her attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.     This is an action for an award of damages and other relief on behalf of Plaintiff Jasmine Marrow (hereinafter "Plaintiff" or "Ms. Marrow"), a former employee of the Trustees of the University of Pennsylvania (hereinafter "Penn Dental Medicine" or "Defendant"). Despite her loyalty and consistent performance, Ms. Marrow was subjected to discrimination and harassment on the basis of her race, and retaliated against for complaining about discrimination and harassment, culminating in her wrongful termination on July 30, 2024.

2.     This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et. seq. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Pennsylvania Human Relations Act, 43

P.S. § 951, et seq. ("PHRA"), and the Philadelphia Fair Practices Ordinance (PFPO), Philadelphia Code § 9-1100, et seq..

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On January 6, 2025, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On May 6, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to the PHRA claims alleged herein, it has been more than one year since Ms. Marrow dual-filed her Charge as a Complaint with the PHRC.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

2

8.   This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

## PARTIES

9.   Plaintiff Jasmine Marrow is an adult African American female citizen and resident of Philadelphia and the United States of America.

10.  Defendant the Trustees of the University of Pennsylvania is an educational organization operating the University of Pennsylvania School of Dental Medicine located at 240 South 40th Street, Philadelphia, Pennsylvania, 19104, where Plaintiff was employed.

11.  At all relevant times, Defendant is and has been an employer employing more than 500 employees.

12.  At all relevant times, employees of Defendant acted as agents and servants for Defendant.

13.  At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

14.  At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

15.  At all relevant times hereto, Plaintiff was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

16.  At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

17. This cause of action arose out of transactions or occurrences that took place in whole or in part in Philadelphia, Pennsylvania.

18. Defendant conducts substantial business within Philadelphia, Pennsylvania.

19. This Honorable Court has personal jurisdiction over the Defendant.

### FACTS

20. On or about November 29, 2021, Ms. Marrow was hired by Penn Dental Medicine in the position of Clinical Dental Receptionist.

21. While employed by Penn Dental Medicine, Ms. Marrow performed her duties in an excellent and hardworking manner.

22. Despite her loyalty and consistent performance, Ms. Marrow was discriminated against and harassed on the basis of her race, and retaliated against for complaining about discrimination and harassment, culminating in her wrongful termination on or about July 30, 2024.

23. Beginning in or around November 2023, after several years of working diligently and professionally at Penn Dental Medicine, Ms. Marrow was subjected to a hostile work environment and severe and pervasive harassment and discrimination on the basis of her race.

24. Ms. Marrow learned that her manager, and Jenna Burk, Director of Patient Financial Services, were making false and damaging statements about her.

25. In or about March or April 2024, Ms. Marrow was called into a meeting by Ms. Burk and falsely accused of making a comment about harming a coworker.

26. Though Ms. Marrow had done no such thing, she then began to experience higher levels of scrutiny and surveillance following this accusation, particularly by Caucasian employees, and most notably Ms. Burk.

27. Due to the pervasive differential and discriminatory treatment she was experiencing, Ms. Marrow complained to management, and she was told to contact the Executive Director about her concerns.

28. In or about June 2024, Ms. Marrow complained once again about the discrimination and harassment that she was experiencing. However, following her complaint, Ms. Marrow was called "a snitch" by her colleagues.

29. Approximately one month after submitting this complaint, on or about July 11, 2024, Ms. Marrow was abruptly placed on administrative leave and told to exit the building immediately.

30. When Ms. Marrow asked for an explanation as to why she was being placed on administrative leave, she was told that "there was nothing to discuss."

31. By way of justification, Ms. Marrow was given a document stating that the administrative leave was due to "an incident" that had occurred, but it failed to provide any information about what the alleged incident was.

32. Ms. Marrow then received an email on or about July 18, 2024, from Melanie Sposa, Director of Human Resources, requesting to have a virtual Zoom meeting.

33. Subsequently, on or about July 22, 2024, Ms. Marrow met with Ms. Sposa via Zoom.

34. After receiving no further information after the meeting, Ms. Marrow then sent a follow-up email to Ms. Sposa on or about July 26, 2024.

35. Ms. Marrow specifically outlined in her email to Ms. Sposa that she had submitted complaints about discrimination and harassment prior to being placed on administrative leave and that she believed she was being disciplined in retaliation for her complaints.

36. She further noted that Defendant had not taken any action to address her complaints of discrimination and harassment.

37. Ms. Sposa replied to the email later that same day and conveniently denied having any record of Ms. Marrow's complaints.

38. On or about July 29, 2024, Ms. Marrow was contacted by Leontyne Walke, Human Resources Generalist, seeking to meet with Ms. Marrow over Zoom.

39. As Ms. Marrow was unavailable at that time, they scheduled a meeting for August 3, 2024.

40. However, before that meeting could occur, and only four days after Ms. Marrow had informed Ms. Sosa that she believed she was being retaliated against, Ms. Marrow was terminated via email by Ms. Walke on July 30, 2024.

41. The email stated that Ms. Marrow's termination was effective immediately, and included an attached letter signed by Ms. Burk and dated July 30, 2024, that stated Ms. Marrow's "employment will be terminated effective today, July 29, 2024" due to "concerns regarding professionalism and conduct in the workplace."

42. The letter did not contain any additional information regarding the nature of these "concerns" and Ms. Marrow was provided no further explanation or justification for her sudden termination.

43. It is evident that during her employment with Defendant, Ms. Marrow was singled out and harassed, held to different standards than her Caucasian colleagues, and subjected to markedly differential and discriminatory treatment due to her race.

44. Ms. Marrow's termination less than two months after she complained about the discrimination and harassment she was experiencing in the workplace and within only days of asserting she was being retaliated against for such complaints, makes it clear that Ms. Marrow was, in fact, terminated for complaining about the discriminatory treatment that she was subjected to, and any purported justification by Defendant is merely pretext for such discrimination.

45. In light of the circumstances outlined above, and given her treatment during her employment with Penn Dental Medicine and the circumstances surrounding her termination, Ms. Marrow maintains that she was discriminated against and harassed on the basis of her race, retaliated against for complaining about discrimination and harassment, and that her termination was a result of such discrimination and retaliation.

46. Ms. Marrow has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

47. Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Ms. Marrow severe emotional distress.

48. Ms. Marrow has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.

49. Plaintiff Jasmine Marrow repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

50. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

51. In discriminating against and harassing Ms. Marrow because of her race, and in retaliating against Plaintiff, Defendant violated Title VII.

52. Defendant's violations were intentional and willful.

53. Defendant's violations warrant the imposition of punitive damages.

54. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Jasmine Marrow has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

55. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT II
### Civil Rights Act of 1866, 42 U.S.C. § 1981, et seq.

56. Plaintiff Jasmine Marrow repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

57. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

58. In discriminating against and harassing Ms. Marrow because of her race, and in retaliating against Plaintiff, Defendant violated Section 1981.

59. Said violations were intentional and willful.

60. Said violations warrant the imposition of punitive damages.

61. As the direct and proximate result of Defendant's violation of Section 1981, Plaintiff Jasmine Marrow has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

62. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT III
**Pennsylvania Human Relations Act, 43 P.S. § 951, <u>et seq.</u>**

63. Plaintiff Jasmine Marrow repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

64. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

65. In discriminating against and harassing Ms. Marrow because of her race, and in retaliating against Plaintiff, Defendant violated the Pennsylvania Human Relations Act.

66. As the direct and proximate result of Defendant's violation of the Pennsylvania Human Relations Act, Plaintiff Jasmine Marrow has sustained loss of earnings, severe emotional

and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

67. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

**COUNT IV**
**Philadelphia Fair Practices Ordinance,**
**Philadelphia Code § 9-1100, et seq. ("PFPO")**

68. Plaintiff Jasmine Marrow repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

69. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq. ("PFPO").

70. In discriminating against and harassing Ms. Marrow on the basis of her race, and in retaliating against Ms. Marrow, Defendant violated the PFPO.

71. Defendant's violations were intentional and willful.

72. Defendant's violations warrant the imposition of punitive damages.

73. As the direct and proximate result of Defendant's violations of the PFPO, Plaintiff Jasmine Marrow has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

74. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

75.     Plaintiff Jasmine Marrow repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Jasmine Marrow respectfully requests that this Court enter judgment in her favor and against Defendant the Trustees of the University of Pennsylvania, and Order:

a.  Appropriate equitable relief, including reinstatement or front pay;

b.  Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment, and wrongful termination;

c.  Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d.  Defendant to pay Plaintiff punitive damages;

e.  Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f.  Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g.  Plaintiff be granted any and all other remedies available under Title VII, Section 1981, the PHRA, and the PFPO; and

h.  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff Jasmine Marrow hereby demands trial by jury as to all issues so triable.

By:    /s/ Christopher A. Macey, Jr.
       Christopher A. Macey, Jr., Esquire
       Bell & Bell LLP
       One Penn Center
       1617 JFK Blvd. – Suite 1254
       Philadelphia, PA 19103

       *Attorneys for Plaintiff Jasmine Marrow*

Dated: August 3, 2026